IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THEODORE KUHL,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     1:19CV956
                                  )
LT. RANDAL SHELTON, et al.,       )
                                  )
          Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee held in the Surry County Detention Center (hereinafter "Detention Center"), submitted a pro se Complaint (Docket Entry 2) under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names 1) Randal Shelton, the jail administrator at the Detention Center, 2) Steve Hiatt, the Sheriff of Surry County, 3) David Erdmann, an attorney in Surry County, and 4) J.R. Palmer, a detective with the Mount Airy Police Department as Defendants in the case. Plaintiff's statement of his case consists of an attachment to his Complaint listing his potential claims as 1) the passage of six days between his arrest and first appearance, 2) being held on invalid warrants, 3) being held in solitary confinement without water or windows, 4) not receiving medical or mental health care, 5) not having fresh air or sunlight, 6) not receiving enough food, 7) being housed in a dangerous and overcrowded environment, 8) suffering degrading and dehumanizing treatment by unidentified guards, 9) censorship of his

mail, 10) being prosecuted despite the fact he is incompetent, 11) not currently having an attorney, 12) entrapment by police, 13) unidentified persons not providing public information, 14) the blocking of his due process rights, 15) disinformation, and 16) not following grievance policies. Plaintiff also later filed what the Court treated as a Supplement (Docket Entry 3) to the Complaint.[1] In that document, Plaintiff repeats some of his claims, but also elaborates and expands on some by stating that the Detention Center is blocking his mail to the Court, that he is not being allowed to see a doctor despite a broken hip and sores all over his body, that he is not receiving all of the medications prescribed by his psychiatrist, and that he has been "[m]ade to sleep naked in [a] windowless room for nine days, no toilet, just [a] hole in [the] floor. No freash [sic] air or sunlight, made to sleep on holding cell floors for days and only served cold unedible food for days and months." (Id. at 3.) He also states that court proceedings have been held outside his presence, that he lacks legal materials, and that he has been kept in solitary confinement for over five months. (Id.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

---

[1] Plaintiff submitted this filing in conjunction with case No. 1:19CV855, a prior case which the Court dismissed without prejudice to Plaintiff refiling his claims using the proper forms. Plaintiff states that he attempted to do so, but could not because the Detention Center censored or blocked his mail. However, the Court actually did receive the forms, which it then used to open the instant case. It is not clear why Plaintiff believes that his mailing of the forms was blocked, but it was not and the present case is proceeding. The Court will also incorporate the additional allegations set out in the Supplement into the current case.

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, most of the claims in the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted.

Three overarching problems plague Plaintiff's Complaint: (1) it fails to directly tie any of the potential claims to any of the named Defendants; (2) it fails to allege personal action or inaction on the part of any of the named Defendants; and (3) it makes mostly conclusory statements without any supporting context or detail. A complaint under § 1983 must name the persons actually responsible for any alleged violations of Plaintiff's rights. It cannot rely merely on supervisory authority to state a claim for relief because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Id. at 677. Also, as set out above, a complaint must include sufficient facts to state a potential claim for relief. Although the Court will attempt to draw any reasonable inferences in Plaintiff's favor when evaluating the Complaint, these issues defeat most of his claims as discussed in more detail below.

The Complaint first alleges that six days passed between Plaintiff's arrest and his initial appearance. It is not clear which of the Defendants could be responsible for this occurrence or what federal right Plaintiff believes they violated. These allegations also effectively challenge Plaintiff's ongoing state court criminal case. As the Court informed Plaintiff in connection with his previous filing, such challenges are not ordinarily proper in this Court and, if Plaintiff seeks to bring such a claim, he must do so through a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, not an action under § 1983. The

-4-

same is true for the second (invalid warrants), tenth (prosecution despite incompetence), eleventh (lack of counsel), and twelfth (entrapment by police) claims in the Complaint and the allegation in the Supplement that court proceedings occurred outside of Plaintiff's presence.  All such claims relate to the ongoing state criminal prosecution and consist entirely of conclusory allegations.  They should be dismissed for these reasons.  Further, to the extent that Plaintiff seeks to hold Defendant Erdmann liable for these (or other) claims based on his possible status as Plaintiff's current or former defense attorney, defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, Polk County v. Dodson, 454 U.S. 312, 324 (1981).  For this reason, Plaintiff cannot pursue any claims against Defendant Erdmann via § 1983 and, if he has a remedy against his attorney, he must find it under the appropriate state law.  All proffered claims against Defendant Erdmann should be dismissed on this basis and he will not be discussed further.

 Plaintiff's next remaining claim, his third, concerns his placement in solitary confinement without water or windows.  The Complaint also alleges in the fifth claim that Plaintiff is not receiving sufficient fresh air or sunlight and in his sixth claim that he is hungry due to insufficient food.  Again, the Complaint does not tie these allegations to any particular Defendant.  Detective Palmer does not reasonably appear to have any relation to these claims.  Defendant Hiatt, as Sheriff of Surry County, has general responsibility for the

-5-

Case 1:19-cv-00956-LCB-LPA   Document 4   Filed 12/06/19   Page 5 of 11

Detention Center, but, as stated above, mere supervisory authority is not sufficient to support a claim under § 1983. The Complaint sets out no facts supporting any personal knowledge or involvement by Defendant Hiatt in the nature or conditions of his confinement. The only Defendant who could be directly responsible for Plaintiff's housing location and conditions is Defendant Shelton, the facility administrator at the Detention Center. The Court will construe the Complaint as raising the claims related to solitary confinement and the conditions in that confinement as to Defendant Shelton. Those claims might also fail but for the fact that Plaintiff's Supplement adds more specific related allegations concerning his housing conditions, i.e., being forced to sleep naked, being deprived of an adequate toilet, being forced to sleep on a cell floor, and being held in "unnecessary solitary confinement" for over five months. Taken together, the combined allegations in the Complaint and Supplement arguably state due process claims concerning the conditions of Plaintiff's confinement as to Defendant Shelton. See generally Williamson v. Stirling, 912 F.3d 154, 173-86 (4th Cir. 2018) (discussing Due Process Clause limitations on long-term solitary confinement of pretrial detainees). Those claims should be allowed to proceed at this preliminary stage.

Plaintiff's next remaining claim, his fourth, alleges denial of proper medical and mental health care. Deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). Again, it appears that this claim could reasonably relate only to Defendant Shelton and the Court will draw that inference in Plaintiff's favor. Also, as with the confinement claim, Plaintiff's claim in his original

-6-

Case 1:19-cv-00956-LCB-LPA   Document 4   Filed 12/06/19   Page 6 of 11

Detention Center, but, as stated above, mere supervisory authority is not sufficient to support a claim under § 1983. The Complaint sets out no facts supporting any personal knowledge or involvement by Defendant Hiatt in the nature or conditions of his confinement. The only Defendant who could be directly responsible for Plaintiff's housing location and conditions is Defendant Shelton, the facility administrator at the Detention Center. The Court will construe the Complaint as raising the claims related to solitary confinement and the conditions in that confinement as to Defendant Shelton. Those claims might also fail but for the fact that Plaintiff's Supplement adds more specific related allegations concerning his housing conditions, i.e., being forced to sleep naked, being deprived of an adequate toilet, being forced to sleep on a cell floor, and being held in "unnecessary solitary confinement" for over five months. Taken together, the combined allegations in the Complaint and Supplement arguably state due process claims concerning the conditions of Plaintiff's confinement as to Defendant Shelton. See generally Williamson v. Stirling, 912 F.3d 154, 173-86 (4th Cir. 2018) (discussing Due Process Clause limitations on long-term solitary confinement of pretrial detainees). Those claims should be allowed to proceed at this preliminary stage.

Plaintiff's next remaining claim, his fourth, alleges denial of proper medical and mental health care. Deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). Again, it appears that this claim could reasonably relate only to Defendant Shelton and the Court will draw that inference in Plaintiff's favor. Also, as with the confinement claim, Plaintiff's claim in his original

Complaint is entirely conclusory, stating only "failer [sic] to provide medical or mental health care." (Docket Entry 2, Attach.) However, Plaintiff alleges in his Supplement that he has not been allowed to see a doctor despite having a broken hip and sores all over his body and that he is not receiving all of his prescribed psychiatric medications. If true, these allegations, minimal as they are, do state a claim for relief at this stage of the proceedings and they should be allowed to proceed as to Defendant Shelton.

Next, Plaintiff's seventh and eighth claims contend that he is in a dangerous, overcrowded environment where he faces unspecified dehumanizing and degrading treatment by guards. These claims again relate to no particular Defendant and the Complaint names no guards as Defendants. Even if tied to a named Defendant, these claims still fail as wholly conclusory, as the Complaint sets out no specific supporting factual allegations. In fact, the allegation of overcrowding conflicts with the Complaint's solitary confinement-related claims. Accordingly, Plaintiff's seventh and eighth claims should be dismissed.

Plaintiff's ninth claim, repeated in his Supplement, asserts that someone is censoring his mail, but with no supporting factual allegations. Further, within certain constitutional limits, jails and prisons may control the flow of mail in and out of their facilities. The Complaint sets out no specific facts to support a claim that anyone at the Detention Center, much less the named Defendants, exceeded these constitutional bounds. Finally, to the extent the Complaint alleges that Defendants blocked him from submitting the instant action, the record establishes that the Court did receive Plaintiff's filings. This claim should be dismissed.

-7-

Plaintiff's next remaining set of claims, his thirteenth, fourteenth, and fifteenth, assert that someone refuses to provide public information, blocks his access to due process, and provides disinformation. Not only are these general allegations not attached to any named Defendant, but they are not even understandable. It is simply not clear what Plaintiff is talking about regarding these claims. They are plainly insufficient to state any claim for relief and should be dismissed.

In his sixteenth claim, Plaintiff alleges that someone at the Detention Center, possibly Defendant Shelton, does not follow grievance policies. Even if true, such allegations do not state a claim for relief because the Constitutions affords no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). This claim should be dismissed on that basis.

Finally, Plaintiff states in his Supplement that he does not have access to legal materials. Again, this conclusory claim lacks any supporting factual matter. The Supplement also fails to allege how the lack of access harmed Plaintiff. This claim should be dismissed.

In summary, the Complaint states only two possible claims for relief: one against Defendant Shelton for Plaintiff's housing conditions in solitary confinement, particularly for over five months, and one against Defendant Shelton for failing to provide proper medical treatment for Plaintiff's alleged broken hip and sores, as well as his mental illness. All of Plaintiff's other claims should be dismissed for the reasons set out above.

Two further matters remain. First, Plaintiff requests the appointment of counsel to help him prosecute his case. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an

attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, court assistance in obtaining counsel constitutes "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

After reviewing the present case in light of these standards, the Court concludes that Plaintiff sets out the basis for the two claims that will proceed and that he does not presently lack the capacity to present those claims. If circumstances change, the Court can revisit the matter, but Plaintiff's current request for counsel will be denied.

Finally, Plaintiff submitted a request to proceed *in forma pauperis*. After reviewing that request, the Court determines that § 1915(b)(1) requires that Plaintiff make an initial payment of $1.97. Failure to comply with this Order will lead to dismissal of this action.

The remainder of the filing fee will be deducted from Plaintiff's prison trust account on a monthly basis as funds become available.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted except for Plaintiff's claims related to his conditions of solitary confinement and lack of medical treatment, which should proceed only as to Defendant Randal Shelton.

IT IS ORDERED that Plaintiff in the above-named action be, and is hereby, permitted to file and prosecute said action in this Court without prepayment of fees or giving security therefor, subject to the conditions set forth below.

IT IS FURTHER ORDERED that within sixty (60) days from the date of this Order Plaintiff make an initial filing fee payment of $1.97.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of January of 2020, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:19CV956, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons be stayed until Plaintiff has either (1) submitted to the Court the initial payment noted above, or (2) in the alternative has submitted a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 60-day period.

IT IS FURTHER ORDERED that Plaintiff's request for counsel is denied.

FAILURE TO COMPLY WITH THE ORDER OF PAYMENT IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 6th day of December, 2019.

                                        /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                                   **United States Magistrate Judge**